## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

JESSICA BARRON, KENNETH WYLIE,
and WILLIAM CAMPBELL,

*Plaintiffs,*

v.

THE CITY OF GRANITE CITY, ILLINOIS,

*Defendant.*

Case No. 3:19-cv-00834-SMY-MAB

---

## PLAINTIFFS' RESPONSE TO
## GRANITE CITY'S MOTION FOR EVIDENTIARY HEARING (ECF 18)

---

Granite City's motion for an evidentiary hearing gives no reason to think such a hearing is needed. "If genuine issues of material fact are created by the response to a motion for a preliminary injunction, an evidentiary hearing is indeed required." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). But the City's motion identifies no genuine issue of material fact. Nor is any such issue apparent from the City's response brief. If the Court nonetheless chooses to hold an evidentiary hearing, Plaintiffs ask that it be held on the earliest date practicable, so that a preliminary injunction may be entered by September 8. *See* Pls.' Mot. Leave File Reply Br. 5 (ECF 15).

*1.* The Court "need not conduct an evidentiary hearing unless one is called for as a result of a fact issue created by the response to a motion for a preliminary injunction." *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010). And "as in any case in which a party seeks an evidentiary hearing," the City "must be able to persuade the court that the issue is

indeed genuine and material and so a hearing would be productive." *Ty, Inc.*, 132 F.3d at 1171. The City's motion does not carry that burden.

*First*, the City states that it wishes to introduce testimony from "[i]ndependent parties, if available, who were involved with the criminal investigations of Jason Lynch" and "[a]dditional Granite City Police Officers" who participated in those investigations. Mot. 2. But the City does not identify any factual dispute—material or otherwise—surrounding Jason Lynch's crimes. Nor does the City explain how testimony from unidentified witnesses would bear on those unidentified factual disputes. Nor does the City explain what those witnesses would say. Nor does the City explain why their testimony was not offered by affidavit last week. *Cf.* Hagnauer Aff. (ECF 14-2); Bedard Aff. (ECF 14-3). Nor does the City explain why their testimony would not be cumulative of, for example, the police reports now on file. *Cf. Ty, Inc.*, 132 F.3d at 1171 (affirming denial of evidentiary hearing where "testimony would presumably have duplicated [the witness's] affidavit, which was already in evidence").

*Second*, the City states that it wishes to "cross-examine Plaintiffs regarding allegations set forth in the Motion for Preliminary Injunction . . . and Complaint." Mot. 2. That may accurately describe an evidentiary hearing, but it does not justify one. The City does not say which of Plaintiffs' allegations it disputes. And it again identifies no "fact issue created by [its] response to [the] motion for a preliminary injunction." *Dexia Crédit Local*, 602 F.3d at 884. At base, the City "merely asserts there is a genuine issue of material fact, and that it is entitled to an evidentiary hearing." *Dunkin' Donuts Inc. v. Benita Corp.*, No. 97-cv-2934, 1998 WL 67613, at *2 (N.D. Ill. Feb. 10, 1998). But with "no factual dispute" identified, the hearing would appear to serve "[n]o purpose." *Socialist Workers Party v. Bd. of Elections*, 566 F.2d 586, 587 (7th Cir. 1977) (per curiam). The Court is thus within its discretion to deny the City's motion.

**2.**	The City's response brief reinforces what its motion suggests: No factual dispute precludes the Court's entering a preliminary injunction. The record reflects one obvious factual issue: whether Officer Bedard threatened to arrest Bill Campbell. *Compare* V. Compl. ¶ 92 (ECF 1), *with* Bedard Aff ¶¶ 5, 7 (ECF 14-3). But that dispute is not material to whether a preliminary injunction should issue. Jessica Barron's account of Officer Bedard's threat is truthful, and she stands ready to reaffirm it in open court. Yet even if Officer Bedard had not threatened an *ultra vires* arrest, Granite City still is poised to "compel" Jessica Barron and Kenny Wylie's eviction by other means. *See* Pls.' Mot. Leave File Reply Br. 2-3. That threat of irreparable harm is real and imminent, and it confirms Plaintiffs' need for preliminary relief.

For the rest, the City's account of its dealings with Jason Lynch appears to be largely in harmony with Plaintiffs' allegations. Apart from minor discrepancies, the police report detailing Jason Lynch's May 2019 arrest tracks Jessica's account. *Compare* V. Compl. ¶¶ 65-72, *with* City Br. Ex. 5 (ECF 14-5). The same is true of the report noting that officers sought (but did not find) Jason Lynch at Jessica and Kenny's home in June. City Br. Ex. 7 (ECF 14-7). As alleged in the complaint, Jason Lynch showed up at their house a couple of times after his first arrest. Compl. ¶ 76. And in any event, the City's investigations in June are immaterial; its compulsory-eviction demand was issued against Jessica and Kenny in May. *See, e.g.*, V. Compl. Ex. 3, at 1 ("05/23/2019").

\*	\*	\*

The Court should exercise its discretion to deny the City's request for an evidentiary hearing. If the Court chooses to hold an evidentiary hearing, Plaintiffs ask that it be held as soon as practicable, so that a preliminary injunction may be entered by September 8.

Dated: August 20, 2019.

Bart C. Sullivan, #6198093
FOXGALVIN, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
Phone: 314.588.7000
Facsimile: 314.588.1965
E-mail: bsullivan@foxgalvin.com

Respectfully submitted,

s/Samuel B. Gedge
Samuel B. Gedge (lead counsel)
Robert McNamara
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Telephone: 703.682.9320
Facsimile: 703.682.9321
E-mail: sgedge@ij.org; rmcnamara@ij.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, I electronically filed this Plaintiffs' Response to

Granite City's Motion for Evidentiary Hearing with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to the following:

Erin M. Phillips
Bradley C. Young
UNSELL SCHATTNIK & PHILLIPS PC
3 South 6th Street
Wood River, IL 62095
Phone: 618.258.1800
Fax: 618.258.1957
Email: erin.phillips7@gmail.com; bradleyyoung925@gmail.com

s/Samuel B. Gedge
Samuel B. Gedge