# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA BARRON, KENNETH WYLIE, and WILLIAM CAMPBELL, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 19-cv-00834-SMY-MAB |
| v. | )<br>) |
| CITY OF GRANITE CITY, ILLINOIS | )<br>) |
| Defendant. | ) |

## DEFENDANT CITY OF GRANITE CITY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF

Comes now Defendant, City of Granite City, Illinois, by and through its attorneys of the law firm of Unsell, Schattnik, & Phillips, P.C., and for its Response in Opposition to Plaintiffs' Motion for Leave to File a Reply Brief states as follows:

1. The Local Rules of the Southern District of Illinois state reply briefs are disfavored. This Court's procedures further state, "Reply briefs are strongly discouraged and should be filed only in exceptional circumstances." *See* Judge Yandle's Case Management Procedures and Local Rule 7.1(c). This standard is not satisfied here.

2. Plaintiffs have identified as "exceptional circumstances" the pre-deprivation hearing that is scheduled for September 9, 2019, at the request of Plaintiff Bill Campbell. Plaintiffs claim they "had no opportunity to address" the pre-deprivation hearing which is scheduled for September 9, 2019. Plaintiffs assert this is such because "[a]fter Plaintiffs filed their motion, the City announced the hearing for September 9, 2019."

3. Same is an inaccuracy as Plaintiffs' Complaint itself alleged the request on the

part of Plaintiff Bill Campbell for the pre-deprivation hearing. *See* Doc. No. 1-1 filed on August 1, 2019, stating at Paragraph Nos. 103 and 104 that Bill Campbell mailed and hand-delivered a letter requesting the grievance hearing on August 1, 2019. As such Plaintiffs' counsel was aware of the request that was made for a grievance hearing at the time of the filing of the Complaint. Moreover, Plaintiffs' Motion for Preliminary Injunction was filed on August 2, 2019 (Doc. No. 6) and therefore it is in no way unreasonable that after the request was delivered on August 1, 2019, the Complaint filed on August 1 and the Motion filed on August 2, 2019 that same was not yet scheduled. Furthermore, it is untenable that Co-Plaintiff Campbell requested such a grievance hearing solely for the purpose of asserting that same should not proceed. Such actions are inconsistent and unclear. Moreover Plaintiffs' Complaint likewise pleads how the grievance hearing is to proceed at paragraphs 35-40, although Defendant asks that the Court refer to the Ordinance, Section 5.142.080- Predeprivation hearing opportunity as contained in Doc. No. 1-6, improperly identified as Exhibit 3 to Plaintiffs' Complaint.

4. As Plaintiffs were aware of the request for the pre-deprivation hearing at the time of the filing of the Complaint, Plaintiffs cannot now claim that the setting of same for a hearing date demonstrates exceptional circumstances.

5. Moreover, Plaintiffs' Motion appears to be an attempt to make the arguments they would assert if their Reply is allowed therefore placing Defendant in the position that it cannot remain silent to the extent that Plaintiffs' Motion goes beyond asserting what exceptional circumstances justify its further response.

6. For instance, Plaintiffs' assertion that at the September 9, 2019 hearing "one City

employee will tell another City employee why the City is right to demand Jessica and Kenny's eviction" is not reflective of the process set forth in the Ordinance for the hearing procedure. Rather, as the Ordinance states, "in the event of the timely filing of a written grievance by the landlord or the tenant under this section, the grievant shall receive a hearing <u>before</u> a hearing officer <u>before</u> any steps are taken toward revocation of the landlord's business license, and before further steps taken by the city to request eviction." Granite City Mun. Code § 5.142.080(B) (emphasis added). Moreover, there is a "presumption of honesty and integrity in those serving as adjudicators." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *United States v. Morgan*, 313 U.S. 409, 421 (1941).

7. Additionally, issuance of a preliminary injunction based only on the possibility of irreparable harm is inconsistent with the recognition that injunctive relief is an extraordinary remedy that may only be award if the plaintiff makes a clear showing that he is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam). *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375–76, 172 L. Ed. 2d 249 (2008).

8. Here, no irreparable harm has occurred at this time as Plaintiffs Barron and Wylie remain in the home and Plaintiff Campbell has not initiated eviction proceedings. Pursuant to the ordinance the city will take no further action to request that Campbell initiate eviction proceedings until after the hearing officer's determination subsequent to the September 9, 2019 pre-deprivation hearing. See Granite City Mun. Code § 5.142.080(B)

9. If the City prevails at the pre-deprivation hearing on September 9, 2019, Plaintiffs

can at that time renew their motion for preliminary injunction. However, even at that time, the irreparable injury may be too remote or speculative if Mr. Campbell has no intention of beginning eviction proceedings against Wylie and Barron, as alleged in Plaintiffs' Complaint ¶ 80, as Mr. Campbell is the only entity capable of proceeding on an eviction proceeding against Co-Plaintiffs Barron and Wylie.

10. Further Plaintiffs' reliance upon *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) is misplaced. In *Michigan*, the court found that the district court had confused the need for preliminary injunctive relief with the potential need for permanent injunctive relief. Defendant does not assert same here but rather that this Court should allow the pre-deprivation hearing to proceed forward on September 9, 2019, as requested by Plaintiff Campbell, prior to taking up the determination of whether preliminary injunctive relief is proper.

11. As Plaintiff Campbell requested the setting of the pre-deprivation hearing (see Doc. No. 1 ¶ 104), Plaintiffs cannot now claim that setting of this procedure is a "stalling tactic" on the part of Defendant.

12. Moreover the preliminary injunction hearing being deferred until the determination of the pre-deprivation hearings would not "invite confusion" as asserted by Plaintiffs, rather it would allow the due process of the requested pre-deprivation hearing to proceed.

13. While Plaintiffs indicate the entry of a preliminary injunction is necessary prior to September 9 because the hearing is set at 4:00 p.m. and such which would then create a rush by the Plaintiffs to this Court for emergency relief, this assertion by Plaintiffs is preposterous as despite the outcome of the hearing on September 9, 2019, Plaintiffs Barron and Wylie would not

be <u>immediately</u> evicted from their home, as eviction proceedings are not immediate and a separate suit must be filed by the landlord in state court.

14. Plaintiffs continued allegations and assertions that Plaintiffs Barron and Wylie will be immediately evicted from the home after the September 9, 2019 hearing are not based in fact.

15. Further, such allegations and assertions of potential future harm are too remote and speculative to support an order for preliminary injunction by this Court prior to the September 9, 2019 pre-deprivation hearing.

16. As such Plaintiff has failed to demonstrate a need for the entry of a preliminary injunction at this time which is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam).

WHEREFORE, Defendant, CITY OF GRANITE CITY, asks that this Court deny Plaintiffs request to file a reply brief as no exceptional circumstances exist to support same.

/s/ Erin Phillips
Erin M. Phillips, #62897223 (Lead)
Unsell, Schattnik & Phillips, P.C.
3 South 6th Street
Wood River, IL 62095
(618) 258-1800
(618) 258-1957, fax
Erin.phillips7@gmail.com
*Lead Attorney for Defendant*
*City of Granite City*

## Certificate of Service

I hereby certify that on August 22, 2019, I electronically filed **Defendant City of Granite City's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert James McNamara　　　　　　　　rmcnamara@ij.org
Institute for Justice
901 N. Glebe Road
Suite 900
Arlington, VA 22203

Samuel B. Gedge　　　　　　　　　　　　sgedge@ij.org
Institute for Justice
901 N. Glebe Road
Suite 900
Arlington, VA 22203

Bart C. Sullivan　　　　　　　　　　　　bsullivan@foxgalvin.com
Fox Galvin LLC
One South Memorial Drive
12th Floor
St. Louis, MO 63102

　　　　　　　　　　　　　　　　/s/ Erin Phillips
　　　　　　　　　　　　　　　　Erin M. Phillips, #62897223 (Lead)